FISHER, Circuit Judge, specially
concurring:
I join Parts I-IV.A and V of the majority opinion, and concur in the outcome of Parts IV.B-C. I have strong doubts that the grocers’ profit sharing agreement left them with an undiminished incentive to compete. Judge Reinhardt’s dissent raises serious economic concerns about the effects of even a limited profit sharing agreement that the majority has not entirely refuted. Nonetheless, I am not confident that under the novel circumstances here an “enquiry meet for the case” can be something less than the presumptive standard — the rule of reason. Cal. Dental Ass’n v. FTC, 526 U.S. 756, 770, 119 S.Ct. 1604, 143 L.Ed.2d 935 (1999); see Texaco Inc. v. Dagher, 547 U.S. 1, 5, 126 S.Ct. 1276, 164 L.Ed.2d 1 (2006). Because I do not find that a “great likelihood of anti-competitive effects can easily be ascertained” on a quick look at the record before us, Cal. Dental, 526 U.S. at 770, 119 S.Ct. 1604 (emphasis added), and because we lack the “considerable experience” necessary for per se analysis to say the economic impact of the grocers’ agreement is “immediately obvious,” Leegin Creative Leather Prods., Inc. v. PSKS, Inc., 551 U.S. 877, 886-87, 127 S.Ct. 2705, 168 *1140 L.Ed.2d 623 (2007) (emphasis added) (quotation marks omitted), I align myself with the rule of reason outcome of the majority opinion.